Eugene K. Yamamoto (State Bar No. 112245)
LAW OFFICES OF EUGENE K. YAMAMOTO
Lakeside Regency Plaza
1555 Lakeside Drive, Suite 64
Oakland, CA 94612
Telephone: (510) 433-9340
Facsimile: (510) 433-9342

Attorneys for Plaintiff
Amazing Packaging Pension Plan

# UNITED STATES DISTRICT COURT

## FOR THE NORTHER DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| AMAZING PACKAGING PENSION PLAN, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL BRUCE SPORLEDER, an individual, and CHRISTA LEE SPORLEDER, an individual, UNITED STATES DEPARTMENT OF THE TREASURY – INTERNAL REVENUE SERVICE, NC Two, LP, a limited partnership, BUREAU OF MEDICAL ECONOMICS, a California corporation, and Does 1-50,<br><br>Defendants. | No. 09-5129 BZ<br><br>**EX PARTE APPLICATION AND STIPULATION TO CONTINUE CASE MANAGEMENT CONFERENCE AND [PROPOSED] ORDER THEREON**<br><br>Date: March 1, 2010<br>Time: 4:00 p.m.<br>Place: Federal Building,<br>　　　　San Francisco<br><br>The Honorable Bernard Zimmerman, United States Magistrate Judge |

Plaintiff, Amazing Packaging Pension Plan ("AP") and Defendant, the United States of America,, apply *ex parte* and pursuant to stipulation, to continue the Case Management Conference set for March 1, 2010 at 4:00 p.m. before the Honorable Bernard Zimmerman, United States Magistrate Judge for 90 days..

**Brief Procedural Background And Stipulated Facts**

1. This Case was previously pending in the Superior Court for the State of California, County of Santa Clara.(Case No. 109CV140000) ("State Case"). There are five initial named defendants, Michael Sporleder, Christa Sporleder, United States Department Of The Treasury ("U.S."), NC Two, LP and the Bureau of Medical Economics (although a recent title search indicates that there are additional defendants to be named). All of the named defendants claim an interest in the underlying real property and single family home thereon located at 23 Loma Alta Avenue, Los Gatos, CA, 95030 ("Property").

2. This Case as it is presently postured seeks alternative remedies of the (i) the reestablishment of its originally recorded Deed of Trust in favor of AP which was mistakenly reconveyed ("Deed of Trust"); or (ii) the determination that an equitable lien in favor of AP arose upon the mistaken reconveyance of the Deed of Trust ("Equitable Lien"). AP seeks to establish the priority of its Deed of Trust or Equitable Lien as against the interests of each of the named Defendants.

3. Defendant, the United States Department Of The Treasury ("U.S."), is one of the named defendants in the State Case due to the fact that it holds a federal tax lien on the Property.

4. A.P. represents that all of the named defendants in the State Case were served by AP with process in the State Case, including the U.S.

5. Upon being served with process in the State Case, the U.S. removed this case to the United States District Court for the Northern District of California San Francisco Division (the "Court") which brought the State Case into this Court in the above-captioned case ("District Case"), and this District Case was then assigned to the Honorable Bernard Zimmerman, United States Magistrate Judge.

6. Although AP was served with notice of the removal, some of the other named defendants in the State Case did not receive notice of the removal. The parties shall cooperate to effect service upon the other named defendants

7. The only named defendant to answer in the State Case was Defendant NC Two, LP, through its successor in interest, Brown Bark, LP.

8. A.P. has indicated that Defendant, Bureau of Medical Economics ("BME"), reached an informal stipulation with AP, that it did not contest the re-establishment of the Deed of Trust or the establishment of the Equitable Lien, and the priority of either of these liens over BME's lien. AP and BME each agreed that they would bear their own costs and AP would not seek attorneys fees and costs directly against BME in connection with the State Case.

9. Defendant U.S. and AP, by and through their undersigned counsel of record, have met and conferred by telephone and email concerning this District Case and the Preliminary Status Conference that was set by this Court for March 1, 2010.

10. After discussion with AP, and the U.S. review of the pleadings in this District Case and its own records, the US does not oppose the relief requested by AP, specifically that AP should have its Deed of Trust re-established or alternatively have an Equitable Lien established, either of which would have the priority of the AP's prior Deed Of Trust And Assignment Of Rents ("Original Deed of Trust") executed on June 28, 2002, and recorded against the Property on July 3, 2002, in the Official Records of the Santa Clara Recorder's Office ("Recorder's Office") as Document Number 16342371 and secured the obligation evidenced by that certain Promissory Note Interest Only, in the initial principal amount of $85,000.00 ("Note"). True and correct copies of the Note and Original Deed of Trust are attached as Exhibits A and B, respectively, to the Complaint in this District Case. The Parties shall continue to work on an acceptable form of judgment which, upon entry, will not require further participation in the litigation by the U.S.

11. Since the underlying real property is located in Santa Clara County, the appropriate division of this Court to handle this District Case, appears to be the San Jose Division.

Amazing Packaging v. Sporleder

**Ex Parte Application And Stipulation To Continue CMC And [Proposed] Order Thereon**

**STIPULATION**

In consideration of the foregoing, the Parties stipulate and agree as follows:

1. The Parties stipulated, agree and admit that the foregoing Stipulated Facts are true and correct.

2. The U.S. stipulates and admits that it was properly and validly served with the Summons and First Amended Complaint For Determination Of Equitable Lien in the State Case;

3. The U.S. admits and agrees that AP is entitled to either of the alternative relief that it seeks set forth as the First Cause of Action and Second Cause of Action in the Complaint. Specifically, the U.S. agrees that AP should have its Original Deed of Trust reinstated with the same force and effect and priority it previously held when it wzs originally recorded, alternatively, the U.S. agrees that AP has an equitable lien that arose immediately upon the mistaken reconveyance of its Original Deed of Trust. The Parties shall continue to work on an acceptable form of judgment which, upon entry, will not require further participation in the litigation by the U.S.

4. In light of the decision of the U.S. to stipulate to the propriety of the relief requested in the underlying Complaint and the interests in Judicial Economy, AP and the U.S. request that this Court continue the Case Management Conference in the District Court Case for 90 days so that the parties can determine whether this case should be transferred to the San Jose Division of this Court, determined in this Court or remanded back to the State Court for determination.

Dated: February 25,, 2010        JOSEPH RUSSONNIELLO
                                 United States Attorney


                                 ___/s/ Blake D. Stamm_____
                                 Blake D. Stamm
                                 Assistant U.S. Attorney
                                 Attorneys for the United States of America

Dated: February 25, 2010.   LAW OFFICES OF EUGENE K. YAMAMOTO

By   /s/ Eugene K. Yamamoto
Eugene K. Yamamoto,
Attorney for Plaintiff,
Amazing Packaging Pension Plan

**ORDER**

Based upon the foregoing Stipulated Facts and Stipulation, the pleadings and proceedings in this Case, and for good cause appearing therefore,

IT IS HEREBY ORDERED that the Case Management Conference scheduled for March 1, 2010 at 4:00 p.m., is continued until June 14, 2010, at 4:00 p.m..

Dated: February 26, 2010.   _____
THE HONORABLE BERNARD ZIMMERMAN
UNITED STATES MAGISTRATE JUDGE